IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| BILL MILLENKAMP and SUSIE MILLENKAMP, husband and wife, d/b/a MILLENKAMP CATTLE, | ) ) ) | Case No. CIV 03-439-S-EJL |
| | ) | |
| Plaintiffs, | ) | MEMORANDUM DECISION |
| v. | ) | AND ORDER |
| | ) | |
| DAVISCO FOODS INTERNATIONAL, INC., a a Minnesota Corporation; and CARGILL INCORPORATED, a Delaware Corporation, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Pending before the Court in the above entitled matter are each of the parties'

respective motions for reconsideration of the Court's order on summary judgment and .

The parties have filed their responsive briefing and the matters are now ripe for the

Court's review.  Having fully reviewed the record herein, the Court finds that the facts

and legal arguments are adequately presented in the briefs and record.  Accordingly, in

the interest of avoiding further delay, and because the Court conclusively finds that the

decisional process would not be significantly aided by oral argument, this motion shall be

decided on the record before this Court without oral argument.  Local Rule 7.1(d)(2).

**Standard of Law**

Neither the Federal Rules of Civil Procedure nor the Local Rules provide for a

motion to reconsider.  However, the Ninth Circuit has stated that motions to reconsider

MEMORANDUM DECISION AND ORDER - Page 1

should be treated as motions to alter or amend under Federal Rule of Civil Procedure

59(e).  Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1419 (9th Cir.

1984).  The scope and purpose of such a motion have been analyzed as follows:

> Motions for a new trial or to alter or amend a judgment must clearly
> establish either a manifest error of law or fact or must present newly
> discovered evidence. (Citations omitted).  These motions cannot be used
> to raise arguments which could, and should, have been made before the
> judgment issued.  (Citations omitted).  Moreover they cannot be used to
> argue a case under a new legal theory. (Citations omitted).

Federal Deposit Insurance Corp. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986);

> Whatever may be the purpose of Rule 59(e) it should not be supposed that
> it is intended to give an unhappy litigant one additional chance to sway the
> judge.
> . . .
> [A] rehash of the arguments previously presented affords no basis for a
> revision of the Court's order.

Illinois Central Gulf Railroad Company, v. Tabor Grain Company, 488 F.Supp. 110, 122

(N.D. Ill. 1980).

Where Rule 59(e) motions are merely being pursued "as a means to reargue

matters already argued and disposed of and to put forward additional arguments which

[the party] could have made but neglected to make before judgment, [S]uch motions are

not properly classifiable as being motions under Rule 59(e)" and must therefore be

dismissed.  Davis v. Lukhard, 106 F.R.D. 317, 318 (E.D. Va. 1984).  See also, Above the

Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983) ("Plaintiff

improperly used the motion to reconsider to ask the Court to rethink what the Court had

already thought -- rightly or wrongly.").  The Ninth Circuit has identified three reasons

sufficient to warrant a court's reconsideration of a prior order:  (1) an intervening change

MEMORANDUM DECISION AND ORDER - Page 2

in controlling law; (2) the discovery of new evidence not previously available; and (3)

the need to correct clear or manifest error in law or fact, to prevent manifest injustice.

School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).    Upon

demonstration of one of these three grounds, the movant must then come forward with

"facts or law of a strongly convincing nature to induce the court to reverse its prior

decision."  Donaldson v. Liberty Mut. Ins. Co., 947 F. Supp. 429, 430 (D. Haw. 1996).

**Discussion**

1)      Davisco Motion to Reconsider:

Defendant Davisco Foods International, Inc. ("Davisco") has filed its motion for

reconsideration and/or clarification of the Court's ruling regarding the Plaintiffs' express

and implied warranty claims.  In particular the motion states that "the Court may have

inadvertently considered Davisco's motion for summary judgment as a motion for partial

summary judgment" in that the order did not address the motion for summary judgment

as to the breach of warranty claims.  As such, Davisco now asks the Court to consider

and dismiss Plaintiffs' remaining warranty claims because the causation element is

lacking.  To this end, Davisco relies on the previously filed motion regarding destruction

or spoliation of evidence and motions to strike affidavits and deposition testimony.

Plaintiffs assert the motion incorporate Davisco's motion to strike challenging the

credibility but not admissibility of Plaintiffs' expert witness.

The claims remaining after summary judgment are breach of express warranty

and breach of implied warranty of fitness for a particular purpose.  The evidence and

testimony going to the causation issue was hotly contested in the parties' briefing on the

motion for summary judgment.  Unlike the negligence claims, the Court cannot find as a

MEMORANDUM DECISION AND ORDER - Page 3

matter of law that these claims should not go forward.  Following the decision on the

motions for summary judgment, the Court ruled upon Davisco's motion for sanctions for

spoilation of evidence.  (Dkt. No. 108).  While ultimately denying the motion for

sanctions, the Court noted that Plaintiffs have the burden of proving their allegations by a

preponderance of the evidence to which Davisco will be able to challenge by way of

cross examination and other methods.  Because these claims present questions of fact

which must be left for a jury, the Court denies Davisco's motion for summary judgment

as to the breach of warranty claims.

2)      Plaintiffs' Motion to Reconsider:

Plaintiffs' motion to reconsider asks the Court to review its determination

dismissing the negligence claims finding that the lost cattle were economic damages

rather than property damages.  Citing to a recent Idaho Supreme Court case, Blahd v.

Smith, 108 P.3d 996 (Idaho 2005), they argue the lost cattle here are neither the subject

of the transaction nor the subject of the law suit.  Because the cattle are property and can

be recovered in a negligence claim, Plaintiffs ask the Court to reinstate their negligence

claims for trial.  Davisco opposes the motion, noting it is untimely, and that the

arguments should have been raised in response to the motion for summary judgment.

On the motion for summary judgment Plaintiffs did not argue the cattle were

property damage but, instead, economic loss which fell under the special relationship or

unique circumstances exceptions to the economic loss rule.  The Court concluded that

neither exception applied and, therefore, the cattle were economic loss not recoverable

through a negligence claim; granting Davisco summary judgment as to Plaintiffs'

negligence claims.  In arriving at this conclusion the Court analyzed and discussed the

MEMORANDUM DECISION AND ORDER - Page 4

Blahd case.  Plaintiffs seek to now argue the cattle were property damage pursuant to the reasoning in Blahd and thus recoverable under negligence.  Having reviewed the parties' arguments and the Court's previous order, the Court denies the motion.  The motion is procedurally defective in that it is untimely [1] and seeks to raise a new argument which could have and should have been raised in response to the motion for summary judgment.  Davisco clearly raised the argument regarding property versus economic damage in their opening memorandum on summary judgment.  Plaintiffs argued the cattle were economic losses falling within an exception to the rule.  The parties' arguments here again evidence the disagreement as to what is the "subject of the transaction/lawsuit;" either the feed or the lost cattle.  The Court considered these arguments in ruling on the motion for summary judgment.  Because no newly discovered law or facts have been presented here, the Court denies the motion to reconsider.

3)      Davisco's Motion to Extend Time:

Davisco has recently filed a motion to extend time to allow them to file pretrial motions, including motions in limine, through December 16, 2005.  The trial date in this matter has been continued several times and is currently set for January 17, 2006.  The Court finds the interests of justice warrant extending the time for filing only motions in limine for both parties to December 16, 2005.  As such, Davisco's motion in limine is under advisement until such time as the parties have filed responsive briefing or until the time for filing such briefing has expired.

---

[1]

Any motion made pursuant to Rule 59(e) must be made within ten days.  Motions raised pursuant to Rule 60 must be made within a reasonable time.  The Court's order was issued on June 20, 2005.  Plaintiff did not file their motion for reconsideration until July 13, 2005, some twenty plus days after the order was issued.

**ORDER**

Based on the foregoing and being fully advised in the premises, the Court

**HEREBY ORDERS** as follows:

1)     Defendant Davisco's Motion for Reconsideration (Dkt. No. 91) is

**DENIED**.

2)     Plaintiffs' Motion for Reconsideration (Dkt. No. 97) is **DENIED**.

3)     Defendant Davisco's Motion for Extension of Time to File Motion in

Limine (Dkt. No. 114) is **GRANTED**.   The Court has the Motion in

Limine (Dkt. No. 116) **UNDER ADVISEMENT**.

DATED:  **December 1, 2005**

Honorable Edward J. Lodge
U. S. District Judge

MEMORANDUM DECISION AND ORDER - Page 6