IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BILL MILLENKAMP and SUSIE MILLENKAMP, husband and wife, d/b/a MILLENKAMP CATTLE,<br><br>Plaintiffs,<br><br>vs.<br><br>DAVISCO FOODS INTERNATIONAL, INC., a Minnesota Corporation; and CARGILL INCORPORATED, a Delaware Corporation<br><br>Defendants. | Case No. CV03-439-S-EJL<br><br>**MEMORANDUM ORDER** |

Pending before the Court in the above entitled matter is the Defendant's motion to stay and motion for judgment not withstanding the verdict. The parties have fully briefed the motion and it is ripe for the Court's consideration. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument. Local Rule 7.1.

**Factual and Procedural Background**

The Plaintiffs, Bill and Susie Millenkamp and Millenkamp Cattle ("Millenkamp"), initiated this action by filing a complaint against the Defendants, Davisco Foods International, Inc. ("Davisco") and Cargill Incorporated ("Cargill"). The complaint raised various claims for relief. Following summary judgment the claims remaining were breach of express warranty and breach of

MEMORANDUM ORDER- 1

implied warranty of fitness for a particular purpose. The Millenkamps settled their claims against Cargill but the claims against Davisco proceeded to trial where a jury found in favor of the Millenkamps and awarded them $303,758.92 in total damages. As a result, Davisco filed the instant motions which the Court now takes up.

**Discussion**

Davisco's motion challenges various aspects of the trial including whether the evidence supports the jury's verdict, whether the amount of damages should be offset, whether the Court erred in admitting certain evidence and in its instructions to the jury, and whether a new trial is justified. The arguments raised in the motion are the same as those previously raised and decided in this matter in pretrial motions and during the trial. The Millenkamps' response to the motion likewise raises the same arguments previously considered by the Court.

Motions for a judgment notwithstanding the verdict ("JNOV") or, alternatively for a new trial, are made pursuant to Federal Rule of Civil Procedure 50(b). "A JNOV is proper if the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to the jury's." Vollrath Co. v. Sammi Corp., 9 F.3d 1455, 1460 (9th Cir. 1993) (citing Venegas v. Wagner, 831 F.2d 1514, 1517 (9th Cir. 1987)).

I.      Sufficiency of the Evidence:

Davisco's first two arguments regarding the sufficiency of the evidence argues that the milk permeate was at the proper ph level upon delivery and, therefore, was delivered in the proper condition and challenges the Millenkamps' ability to prove causation. The Millenkamps maintain that their warranty claims were not limited to the product at the time of delivery and argue that they presented sufficient evidence of causation at trial.

The Court took up similar arguments from Davisco during trial and, in particular, when Davisco made a motion for a directed verdict. (Dkt. No. 190, pp. 302-307).[1] As to the warranty claims, there was evidence offered at trial relating to Mr. Millenkamp's inquires about whether the product was "good for my calves" and the storage of the product. The warranty claims were not limited to the product's condition at the time of delivery. Further, there was evidence presented regarding causation from which the jury could conclude that the milk permeate caused the harm to the calves. The jury simply did not agree with Davisco's arguments regarding the state of the product at the time of delivery and the lack of causation.

II.     Offsetting the Verdict:

Davisco's third issue asserts that the amount of the verdict returned in this matter should be reduced by the amount of money the Millenkamps have or will receive in their settlement with Cargill. Davisco cites to Idaho Code § 6-1606 (2004) which, it argues, precludes double recovery for amounts received by the claimant from collateral sources, whether contributory or not. Davisco also asserts that the jury never had the opportunity to consider Cargill's conduct in this action because the verdict form did not allow the jury to apportion the level of fault between the Millenkamps, Cargill, and Davisco. The Millenkamps counter that the statute, Idaho Code § 6-1606, applies to tort actions and the case here involved contract complaints.

Idaho Code § 6-1606 is contained in Chapter 16, Periodic Payment of Judgments – Limitation on Certain Tort Damages and Liabilities, and states:

> **Prohibiting double recoveries from collateral sources**. In any action for personal injury or property damage, a judgment may be entered for the claimant only for damages which exceed amounts received by the claimant from collateral sources as compensation for the personal injury or property damage, whether from private,

---

[1] The Court has cited to the portions of the trial transcript that relate to the arguments raised here but notes that many of these arguments were also considered and addressed in the pretrial submissions also contained in the record.

MEMORANDUM ORDER- 3

> group or governmental sources, and whether contributory or noncontributory. For the purposes of this section, collateral sources shall not include benefits paid under federal programs which by law must seek subrogation, death benefits paid under life insurance contracts, benefits paid by a service corporation organized under chapter 34, title 41, Idaho Code, and benefits paid which are recoverable under subrogation rights created under Idaho law or by contract. Evidence of payment by collateral sources is admissible to the court after the finder of fact has rendered an award. Such award shall be reduced by the court to the extent the award includes compensation for damages which have been compensated independently from collateral sources.

Both parties point to Horner v. Sani-Top, Inc., 141 P.3d 1009 (Idaho 2006) (as amended) where the Idaho Supreme Court determined that the judgment in a tort action should not be reduced by the amount of a prior settlement between the claimant and another actor because, pursuant to Idaho Code § 6-805(2), "settlements are not 'collateral sources' under Idaho Code § 6-1606." (citations omitted). The decision in Horner turned on the determination under Idaho Code § 6-805 as to whether the tortfeasors were jointly and severally liable, which in Horner the court determined they were not and, therefore, the settlement of one tortfeasor prior to trial did not discharge or reduce the claim against the other tortfeasor, unless such a discharge was provided for in the settlement. Id.

The claims in this case against Davisco were for breach of an expressed warranty and breach of an implied warranty. These claims are contract claims seeking recovery for damages based upon promises made by Davisco to the Millenkamps. Idaho Code § 6-1606 applies to tort claims and explicitly states that "collateral sources shall not include...benefits paid which are recoverable...by contract." "The relevant legislative history indicates that the policy behind I.C. § 6-1606 is to prevent the double payment of damages, not to prevent payment only in the absolute case that a third party exercises its contractual rights to recovery." Dyet v. McKinley, 81 P.3d 1236, 1241 (Idaho 2003). Because the claims raised in this matter are contract claims, and the recovery awarded by the jury has to do with contract damages suffered by the Millenkamps based on Davisco's breach, the damages are not subject to offset as contemplated by Idaho Code § 6-1606.

As to Davisco's argument that Cargill should have been included on the special verdict form the Court again points out that the claims in this case are contract claims. The Millenkamps argue their relief is derived from Davisco's breach of expressed and implied warranties which Davisco made to the Millenkamps. Any liability of Cargill was not a part of these claims and, therefore, not a question before the jury. At trial Davisco maintained that their defense to the warranty claim was that Cargill was negligent. (Dkt. No. 191, p. 375-77). The Court pointed out that Davisco could argue that the Millenkamps had not proven causation, i.e. that Cargill was the cause of the damages, but that Davisco could not make negligence or tort based arguments because this is a contract case and Davisco had not filed a cross claim or counter claim.[2]  Davisco's argument here is the same as was raised at trial and the Court's position remains the same.

III.    Court's Admission of Exhibits, Evidence, and Testimony at Trial:

As to Davisco's remaining claims regarding the admission of evidence, testimony, arguments, and exhibits, the Court has reviewed the parties' briefing and the record in this matter, including the trial transcript, and concludes its rulings at trial were appropriate and that the record is clear as to the Court's rulings on these matters.

---

[2] Trial Transcript (Dkt. No. 191), p. 376-77:

THE COURT: ...I think it is important that we first keep in mind that this is a breach of warranty case, a contract case, it is not a tort case, it is not a products liability case, and it is not a negligence case. The Court specifically removed the issue of negligence based on the motion in limine that was filed by the defense and I think properly so.
    I think the case law, as I read it, talks about the fact that the defense has the opportunity to argue proximate cause, in other words, misuse or assumption of the risk, those types of things, but they cannot argue after having negligence removed that negligence somehow is back in this case unless you filed either a cross-claim or a third-party complaint.
    In other words, in my judgment, it would put the Plaintiff in a very awkward position having to defend Cargill when that negligence issue was specifically removed by the Court based upon the Defendant's motion.
    So I think where you get to argue is on proximate cause. If the evidence, for instance, establishes that Plaintiffs either misused the product or assumed the risk as a result of the Plaintiffs' own actions or as a result of something a third-party did, that is perfectly arguable. But I don't believe negligence is a part of this warranty contract action, and the Court has made the decision that it is not going to include the same.

MEMORANDUM ORDER- 5

A.     Labeling Law:

Davisco challenges the Court's rulings regarding Idaho's agricultural labeling law arguing any evidence, instruction, and argument on it should have been precluded. Davisco asserts that the Idaho legislature has now rejected any reliance on AAFCO standards for determining whether milk permeate falls into the list of products that must be labeled and, therefore, the Court's instruction regarding the labeling requirements is in error and effectively decided the issue of liability on these claims, taking the question away from the jury. In addition, Davisco argues the instruction allowed the Millenkamps' negligence claim to be raised at trial where it had been previously dismissed on summary judgment.

The Court ruled upon these arguments at trial. In particular, the Court noted that it was including an instruction on the labeling law because the Court had previously ruled, as a matter of law, that the milk permeate in question was commercial feed and, therefore, subject to the labeling requirements. (Dkt. No. 191, pp. 371-73). The Court's ruling remains the same.

B.     Exhibits 18 and 25:

Davisco challenges the Court's admission of Exhibits 18 and 25. The Court has reviewed the record and transcript and concludes the Exhibits were properly admitted at trial. Exhibit 18 is a correspondence from Matt Schmitt, a Cargill animal nutritionist, to Bill Millenkamp regarding the health problems of the calves at the Millenkamp facility which was completed at Bill Millenkamp's request. (Dkt. No. 189, pp. 75-78). The letter contained Mr. Schmitt's opinion regarding how he formulated feed rations for the calves to include the whey permeate at issue in this lawsuit. Davisco objected to the admission of the evidence on hearsay grounds and plaintiffs' counsel argued it was an exception to the hearsay rules as it was a business record kept in the regular course of business. Davisco countered that the document was not a business record because it was not contemporaneous to the event in question but was written later and that Mr. Schmitt could come testify as to the

MEMORANDUM ORDER- 6

content.  Plaintiffs' counsel represented that it was expected that Mr. Schmitt would be called to testify and that Davisco could cross-examine him at that time.³  With that representation the Court admitted the document.  Exhibit 25 is a correspondence from Sue Gliszinski, Davisco's corporate business manager, to William Hollifield, the attorney representing the Millenkamps at the time.  (Dkt. No. 189, pp. 82-83).  The Court admitted the letter over Davisco's objections based on Rule 408, relevancy, and hearsay.  Both exhibits are relevant and admissible and the Court's ruling is clear in the record.

      C.      Expert Testimony:

As to the testimony of the Millenkamps' expert, Dr. Alois Kertz, Davisco argues the Court erred in allowing the testimony because Dr. Kertz lacked a sufficient foundation as required by Daubert and because Davisco was not allowed the opportunity to "explore the testimony of Dr. Kertz and its basic foundation outside the presence of the jury."  The parties raised their arguments in briefing before trial and again at trial.  The Court did and has considered these arguments and, as was made clear at trial, a separate Daubert hearing is not required and the Court satisfied its gatekeeping function in this case at trail.  "While evidentiary hearings might help the district court to conduct an adequate Daubert analysis, courts are not required to hold such hearings prior to trial in order to discharge their Daubert gatekeeping function."  See United States v. Alatorre, 222 F.3d 1098, 1100-02 (9th Cir. 2000) ("The trial court must have the same kind of latitude in deciding how to test an expert's reliability, and to decide whether and when special briefing or other proceedings are needed to investigate reliability, as it enjoys when it decides whether or not that expert's relevant testimony is reliable....") (quoting Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999)).  What is

---

      ³ Mr. Schmitt was called to testify by the defense.

MEMORANDUM ORDER- 7

required is that the Court allow counsel "to explore the relevance and reliability of the proposed testimony" prior to its admission.  Id.

The foundation laid at trial satisfied the Daubert inquiry.  Dr. Kertz had extensive experience and expertise in the area of his testimony and had examined the particulars of the facts in this case. As the Court stated at trial and is also true here, most of Davisco's objections go to the weight and credibility of Dr. Kertz's testimony rather than its admissibility.  (Dkt. No. 190, pp. 190-94). Davisco contends Dr. Kertz' testimony should not have been allowed because he failed to address alternative causes and rule out other causes. These arguments are another effort to challenge the Millenkamps' ability to prove causation; arguing the Dr. Kertz did not provide the kind of expert testimony necessary to demonstrate the milk permeate was the cause of the acidosis present in the Millenkamp calves.  These matters were proper for cross-examination and Davisco questioned Dr. Kertz regarding these issues at trial.  Any "exploring" Davisco may have wanted to do would more properly be done in a deposition prior to trial.

IV.     Jury Instructions:

Davisco argues the Court erred in its instructions to the jury by not allowing the jury to consider Cargill's conduct either as a separate party or on the verdict form, failing to instruct the jury on the adverse inference which could be drawn from the Millenkamps' failure to preserve evidence, instructing the jury on Idaho's labeling law, and the elements of the claims.  The Court took up these arguments both prior to trial and at trial.  Having reviewed those rulings in light of the arguments raised on this motion the Court concludes its decisions are appropriate and well documented in the record.

V.      New Trial:

Davisco's motion alternatively requests that a new trial be granted due to the numerous errors which infected the trial and jury. Because the Court has concluded that Davisco's arguments above are without merit, the Court denies the request for a new trial.

**ORDER**

THEREFORE IT IS HEREBY ORDERED that Defendant's motion for a judgment not withstanding the verdict or, alternatively, a new trial (Dkt. No. 170) and motion to stay execution of judgment (Dkt. No. 173) is **DENIED**.

DATED:  **March 12, 2007**

_____
~~Honora~~ble Edward J. Lodge
U. S. District Judge

MEMORANDUM ORDER- 9