IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BILL MILLENKAMP and SUSIE MILLENKAMP, husband and wife, d/b/a MILLENKAMP CATTLE,<br><br>Plaintiffs,<br><br>vs.<br><br>DAVISCO FOODS INTERNATIONAL, INC., a Minnesota Corporation; and CARGILL INCORPORATED, a Delaware Corporation<br><br>Defendants. | Case No. CV03-439-S-EJL<br><br>**MEMORANDUM ORDER** |

Pending before the Court in the above entitled matter are Plaintiffs' motion for prejudgment interest and motion for costs and fees. The parties have fully briefed the motions and they are now ripe for the Court's consideration. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the motions shall be decided on the record before this Court without oral argument. Local Rule 7.1.

**Factual and Procedural Background**

The Plaintiffs, Bill and Susie Millenkamp, d/b/a Millenkamp Cattle, ("Millenkamp"), initiated this action by filing a complaint against the Defendants, Davisco Foods International, Inc. ("Davisco") and Cargill Incorporated ("Cargill"). The complaint raised various claims for relief. Following the Court's ruling on the motions for summary judgment, the claims remaining for trial

MEMORANDUM ORDER- 1

were breach of express warranty and breach of implied warranty of fitness for a particular purpose. The Millenkamps settled their dispute with Cargill. The claims against Davisco proceeded to trial where a jury found in favor of the Millenkamps and awarded them $303,758.92 in total damages.

**Discussion**

I.      <u>Motion for Prejudgment Interest</u>:

The Millenkamps have filed a motion seeking an award of prejudgment interest on the amount of judgment at the statutory rate of twelve percent running from the last date of injury, November 12, 2002 when Davisco refused to pay on the Millenkamps' claim, for a total amount of $127,608.00. Davisco opposes the motion arguing the amount of damages has not been liquidated or subject to mathematical calculation. The Millenkamps maintain that the "special circumstances" provision for fixing the date and amount of damages applies in this case.

The Millenkamps rely primarily upon <u>Meldco, Inc. v. Hollytex Carpet Mills, Inc.</u>, 796 P.2d 142, 147 (Idaho 1990) and, in particular, point to the following language in that decision:

> An award of prejudgment interest is proper to fully compensate the plaintiff for loss of the use of money representing his fixed or ascertainable damages. Although an action for breach of warranty accrues at the time of delivery, I.C. § 28-2-725(2), that date does not necessarily govern the accrual date for an award of prejudgment interest. Rather, an award of prejudgment interest, in order to fulfill its compensatory purpose, should run from the date the damages amount first becomes "fixed" or "ascertainable." I.C. § 28-22-104; [citations omitted].
>
> The amount awarded as damages in a breach of warranty action is normally measured as the difference between the value of the goods as warranted and the value of the goods as accepted. I.C. § 28-2-714(2). These values are "fixed," or "ascertainable," at the time of acceptance. Thus, in cases where damages are calculated using the differential formula, prejudgment interest should run from the date of acceptance. However, where the court employs an alternate measurement to proximate a buyer's damages under the statute's "special circumstances" provision, I.C. § 28-2-714(2), the amount of damages may be "fixed" at some later time. [citations omitted]. In such cases, the accrual date for prejudgment interest should be adjusted accordingly.

Meldco, 796 P.2d at 147 (citations omitted).  As Davisco points out, however, "[i]t is settled law in Idaho that pre-judgment interest is available only when damages are liquidated or are ascertainable by mere mathematical process." Bouten Construction Co. v. H.F. Magnuson Co., 992 P.2d 751, 757 (Idaho 1999) (citations omitted); see also Farm Development Corp. v. Hernandez, 478 P.2d 298, 300 (Idaho 1970) (denying pre-judgment interest where the amount of liability was disputed by the parties as to the price actually paid and the actual value of the product).  In this case, the jury was instructed to fix the amount of money which will reasonably and fairly compensate the Millenkamps for damages caused by Davisco's breach of warranty including: veterinary care and medical or nutritional expenses, extra labor or services, value of the cattle that died, the net weight gain not realized on the cattle that were injured but not killed, and any incidental or consequential damage suffered that was foreseeably caused by the breach such as lost profits.  (Dkt. No. 160, Instr. 39). The parties presented argument and evidence to the jury regarding the amount of damages. Ultimately the jury fixed the amount of damages at $303,758.92.  Having reviewed the record, the parties' arguments, and been privy to the trial in this matter the Court concludes that the amount of damages were not liquidated nor ascertainable by mathematical process.  Though it is true that damages can be fixed at a later time in "special circumstances," the damages were disputed by the parties from the beginning of the case and were not resolved until determined by the jury. Accordingly, pre-judgment interest is not appropriate in this case and the motion is denied.

II.     Motion for Costs and Fees:

The Millenkamps have also filed a motion seeking to recover costs in the amount of $13,980.51 and attorney fees in the amount of $115,261.25.[1]  The motion is made pursuant to

---

[1] This is the total amount initially sought ($132,721.25) minus the miscalculation for Jay Kiiha's hours ($17,460).

MEMORANDUM ORDER- 3

Federal Rule of Civil Procedure 54 and Idaho Code §§ 12-120, 12-121.[2] Davisco opposes the motion on several grounds including that the motion is unsupported by an affidavit of counsel, the submission is insufficient, Davisco's defense of this action was not frivolous or without foundation, and the fees alleged are unreasonable.

    A.    <u>Attorney Fees</u>:

        1.    <u>Local Rules</u>:

Davisco argues the motion filed here fails to comply with the filing requirements of the Local Civil Rules of this District and should be dismissed on that basis. Local Civil Rule 54.2 requires that the claiming party file a petition for attorney fees accompanied by an affidavit of counsel setting forth: the dates, services rendered, hourly rate, hours expended, a statement of attorney fee contract with the client, and information, where appropriate, as to other factors which might assist the Court in determining the dollar amount of fee to be allowed. The Millenkamps motion in this case does not comport with the requirements of Local Rule 54.2 in terms of the form in which such motion is to be filed because the motion seeks both costs and attorney fees and instead of submitting an affidavit, counsel has attached the billing records and costs and fees as exhibits to the motion. The Court has reviewed the motion in this case and determined that it has sufficient evidence upon which to rule upon the motion for attorney fees based upon the submissions of counsel. The motion itself discusses the elements required by Local Civil Rule 54.2(b). The Court directs counsel to, in the future, follow the filing requirements for such motions but rules as follows on the instant motion in this case.

---

[2] Idaho Code § 12-121 provides for recovery of attorney fees by a prevailing party where the losing party's position is frivolous, unreasonable, or without foundation. The Court does not find Davisco's theory of the case to be frivolous, unreasonable, or without foundation. Accordingly, recovery under Idaho Code § 12-121 is not basis for an award of attorney fees in this matter.

MEMORANDUM ORDER- 4

2. Idaho Code § 12-120(3):

Pursuant to Idaho law, the Millenkamps seek attorney fees under Idaho Code § 12-120(3) which states:

> In any civil action to recover on an open account, account stated, note, bill, negotiable instrument, guaranty, or contract relating to the purchase or sale of goods, wares, merchandise, or services and in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs.

The action must involve a dispute over an actual commercial transaction in order to be covered by the "commercial transaction" clause. The term "commercial transaction" is defined to mean all transactions except transactions for personal or household purposes. "The critical test is whether the commercial transaction comprises the gravamen of the lawsuit; the commercial transaction must be integral to the claim and constitute a basis on which the party is attempting to recover." Bingham v. Montane Resource Associates, 987 P.2d 1035, 1041 (Idaho 1999); see also Sun Valley Potato Growers, Inc. v. Texas Refinery Corp., 85 P.3d 475, 483 (Idaho 2004). The Idaho Supreme Court has determined there are the two stages of analysis to determine whether a prevailing party could avail itself of Idaho Code § 12-120(3): first, "there must be a commercial transaction that is integral to the claim" and second, "the commercial transaction must be the basis upon which recovery is sought." Brooks v. Gigray Ranches, 910 P.2d 744, 750 (Idaho 1996). "[T]he commercial transaction must be integral to the claim and constitute a basis on which the party is attempting to recover." Bingham, 987 P.2d at 1041; see also C & G, Inc. v. Rule, 25 P.3d 76 (Idaho 2001). In order for a commercial transaction be the actual basis of the complaint, the lawsuit and the causes of action must be based on a commercial transaction, not simply a situation that can be characterized as a commercial transaction. See Bingham, 987 P.2d at 1041. "To hold otherwise would be to convert the award of attorney's fees from an exceptional remedy justified only by

statutory authority to a matter of right in virtually every lawsuit filled." <u>Brower v. E.I. DuPont De Nemours and Co.</u>, 792 P.2d 345, 349 (Idaho 1990).

The claims which proceeded to trial in this case involved breach of warranty claims relating to the representations made by Davisco to the Millenkamps regarding the milk permeate product that Davisco sold to the Millenkamps. Davisco argues the gravamen of the suit was not based upon a commercial transaction because the Millenkamps' theory was not that Davisco breach any contract to sell or deliver the product but the failure to warn regarding the product. The Millenkamps assert that the sale of the milk permeate formed the basis for the contract claims for breach of warranty claims that they prevailed on at trial. The breach of warranty claims in this case are contract claims relating to the representations made regarding the milk permeate sold to the Millenkamps. This is a commercial transaction upon which the lawsuit is based. Accordingly, an award of attorney fees pursuant to Idaho Code § 12-120(3) is warranted.

    2. <u>Reasonable Number of Hours</u>:

Having determined § 12-120(3) applies, the Court must now determine whether the requested attorney fees are reasonable. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." <u>Jordan v. Multnomah County</u>, 815 F.2d 1258, 1262 & n.5 (9th Cir. 1987) (explaining method to arrive at "lodestar" figure). In determining a reasonable fee award, the Court considers both the "experience, skill and reputation of the attorney requesting fees" <u>Trevino v. Gates</u>, 99 F.3d 911, 924 (9th Cir.1996), as well as "the prevailing market rates in the relevant community," <u>Blum v. Stenson</u>, 465 U.S. 886, 895 (1984). The "fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." <u>Multnomah County</u>, 815 F.2d at 1262.

MEMORANDUM ORDER- 6

What constitutes a reasonable fee is a discretionary determination for the trial court, to be guided by the criteria of Idaho Rule of Civil Procedure 54(e)(3). Sanders v. Lankford, 1 P.3d 823 (Idaho App. 2000) (citing Kelly v. Hodges, 811 P.2d 48, 52 (Idaho App. 1991)). "The factors of Rule 54(e)(3) include: time and labor; difficulty; skill required; prevailing charges; fixed or contingent fee; time limitations; amount and result; undesirability of the case; relationship with the client; awards in similar cases; costs of automated research; and any other factors." Sun Valley Potato Growers, Inc. v. Texas Refinery Corp., 85 P.3d 475, 483 (Idaho 2004). The Court may not single out or give undue weight to anyone factor such as to exclude the other factors listed in Rule 54(e)(3). See Id. (citing DeWils Interiors, Inc. v. Dines, 678 P.2d 80, 82 (Idaho App. 1984)).

The Millenkamps seek $115,261.25 in attorney fees. Davisco argues this amount is unreasonable and not supported in the information provided to the Court. Davisco also objects to the amount because the billing records do not distinguish between work performed as to the two Defendants nor as between the claims.

## I.      Negligence Claims:

Davisco argues that the Millenkamps are not allowed to recover attorney fees incurred in connection with their negligence claims which were dismissed at the summary judgment stage and the motion for reconsideration which was denied on December 1, 2005. Davisco further argues that a claim for attorney fees under Idaho Code § 12-120(3) does not provide for such recovery for tort claims. The Millenkamps argue the work expended prior to the dismissal of their negligence claims is properly included because the work was not focused solely on the negligence claims but also on the issues regarding the breach of warranty.

Given the nature of the claims brought in this case, the Court agrees that the work performed by the Millenkamps prior to the dismissal of the negligence claims is, for the most part, work that was done on all of the claims. The basic premise of the case remained the same throughout this

MEMORANDUM ORDER- 7

matter. Though true that ultimately the Millenkamps prevailed on their contract claims and not the tort theories, the efforts expended would have been much the same had the tort claims never been raised. There are, however, certain hours billed which directly relate to the negligence claims upon which the Millenkamps did not prevail and should not be awarded attorney fees; such as a portion of the time spent on the motion for summary judgment and motion for reconsideration and research spend on the negligence claim (i.e. 8/23/2004 "Research negligence per se"). The Court has identified 22.5 hours that were likely incurred relating to the negligence claims upon which the Millenkamps did not prevail and, therefore, will not be included in the final award amount.

        ii.        <u>Cargill</u>:

Davisco objects to any award of attorney fees incurred by the Millenkamps as related to the claims raised against Cargill and object to the failure of the Millenkamps to distinguish between the defendants in their time sheets. In particular, Davisco has noted 56.7 hours which it has identified as hours spent on matters devoted solely to Cargill and for which Davisco asserts it should not be liable. The Millenkamps did not respond to this objection. The Court has reviewed the time sheets and agrees with Davisco that certain of those hours expended that relate solely to the Millenkamps' case against Cargill should not be included in this award amount; totaling 51.4 hours.

As to Davisco's position that the Millenkamps' failure to separate its work between the two defendants in this case, the Court finds that such a level of specificity is not required. All but one of the claims raised in this case were against Davisco alone; only the negligence claim was raised against both Cargill and Davisco. The work done by counsel in this matter, with the exception of those hours expended specifically as to Cargill, can reasonably be attributed to counsels' efforts at pursing its claims, all of which pertained to Davisco. Therefore, the fact that the time sheets do not contain more separation between work spend between the two defendants is not terminal to the motion. It appears that where applicable, the time sheets indicate when the work was as to either

MEMORANDUM ORDER- 8

Davisco or Cargill and where they do not the work was on the claims generally; all of which pertained to Davisco. Accordingly, the Court will reduce the award by the number of hours expended on work listed as pertaining to Cargill.

### iii.    Vague Entries:

Davisco also objects to the "numerous" vague entries set forth in the billing records and argues the information provided by counsel is insufficient for the Court to evaluate the items and determine whether the fees are reasonable and properly awarded. Davisco has pointed out 52.17 hours which it argues are vague and insufficient entries upon which the Court can award attorney fees. Many of the disputed entries are described as "interviews and conferences," "review and assemble," "research," "obtain and review documents," and "preparation." The Millenkamps maintain their time sheets provide sufficient information upon which the Court can award attorney fees as the time sheets reflect the type and amount of work performed, which attorney performed the work, and the date on which the work was done.

Having reviewed the parties arguments on this question and the submitted time sheets, the Court agrees with Davisco that certain of the memo entries describing the work are too generalized to provide any real information as to what work the attorney was engaged in; which necessarily does not allow the Court information upon which to assess whether the time spent was reasonable. Though the Court could go back and examine the record and attempt to match up the dates of the work performed to the motions or other matters were being undertaken at the same time as reflected in the record, such an effort is not the job of the Court nor consistent with judicial economy. The Court has reviewed the time sheets and determined that there are entries that are simply too general and unspecific and upon which the Court is unable to justify including the amounts in the final award; entries such as "interviews and conferences" where there is no corresponding information as to who or what the meeting was about, "review and assemble documents" does not yield what

MEMORANDUM ORDER- 9

documents or for what purpose this work was undertaken.  However, some of the entries pointed to by Davisco are appropriate and reasonable where the entry indicates than an interview was with the client or some description of the work performed specific to this case was given.  The Court has identified 43.04 hours which have been billed but which are too vague and fail to provide sufficient information upon which the Court can evaluate the Rule 54 factors and, therefore, the final award amount will be reduced accordingly.

          iv.       Total Number of Hours:

In addition to the foregoing, the Court has taken into consideration the length of time the case has been pending, the complexity of the case, skill required, the prevailing charges, that the case was taken on a contingent fee basis, the amount of damages awarded and result, and counsel's relationship with the client.  Upon these considerations the Court concludes that a total number of hours reasonably expended in this matter by counsel for the Millenkamps is 762.67 hours.

          3.       Reasonableness of the Hourly Rate:

The Court must now determine a reasonable hourly rate considering experience, skill, and reputation of attorney requesting fees, which should be calculated according to prevailing market rates in the relevant community, typically the community in which district court sits." Schwarz v. Secretary of Health and Human Services, 73 F.3d 895, 907 (9th Cir. 1995) (citations omitted).  The motion notes that Mr. Arkoosh charges $200.00 per hour, Mr. Kiiha charges $150.00 per hour, and Mr. Heida and Mr. Booth both charge $125 per hour.  Davisco has not objected to these rates.  The Court agrees that these rates are consistent withe the rates charged in this District for this type of case.  Accordingly, the Court finds the rates to be appropriate and reasonable.

          4.       Total Award of Attorney Fees:

The total amount of attorney hours reasonably billed in this case is 762.67 hours at varying rates of $200.00, $150.00, and $125 per hour depending upon the attorney performing the work. The

MEMORANDUM ORDER- 10

Court has calculated the total award amount based on the hours and rates billed by each of the respective attorneys for a total compensation for time spent in this matter of $100,158.75. The Court finds this amount is consistent with the reasonable rate in a case of this nature and "in line with those prevailing in the community." [3]

B.  Costs:

Local Civil Rule 54.2(b) clearly requires parties to file petitions for attorney fees and costs bills separately. This is not a recommendation but a requirement imposed for a reason. The consideration of attorney fees is a matter separate and apart from the taxation of costs. By lumping the matters into one motion the Court is left in the position of doing the work of the attorneys to ferreting out the proper fees, if any, and having to do so from records and accountings that vary with every case brought before the Court. Therefore, the Court will deny the Millenkamps request for costs but grant them leave to file a proper cost bill which satisfies the requirements of Local Civil Rule 54.1. Such cost bill shall be filed on or before April 2, 2007. Davisco will be given an opportunity to file any objections until on or before April 23, 2007; to which the Millenkamps may reply on or before April 30, 2007. After which time the Clerk shall review and consider the cost bill.

## ORDER

THEREFORE IT IS HEREBY ORDERED that the Plaintiffs' motion for pre-judgment interest (Dkt. No. 161) is **DENIED** and Plaintiffs' motion for costs and attorney fees (Dkt. No. 163) is **DENIED IN PART AND GRANTED IN PART**. The motion is denied as to the costs bill.

---

[3] Having considered the factors set forth in Kerr v. Screen Guild Extras, Inc., 526 F.2d 67, 70 (9th Cir.1975), cert. denied, 425 U.S. 951 (1976), the Court concludes that the present case does not represent one of those instances where the lodestar figure should be adjusted on the basis of other considerations. Harris v. Marhoefer, 24 F.3d 16, 18 (1994).

MEMORANDUM ORDER- 11

Plaintiffs are granted leave to file a proper costs bill as directed in this order. The motion is granted in part as to the award of attorney fees in the amount of $100,158.75.

DATED:  **March 16, 2007**

/s/ Edward J. Lodge

~~Honora~~ble Edward J. Lodge
U. S. District Judge