IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BILL MILLENKAMP and SUSIE MILLENKAMP, husband and wife, d/b/a MILLENKAMP CATTLE,<br><br>            Plaintiffs,<br><br>vs.<br><br>DAVISCO FOODS INTERNATIONAL, INC., a Minnesota Corporation; and CARGILL INCORPORATED, a Delaware Corporation<br><br>            Defendants. | Case No. CV03-439-S-EJL<br><br>**MEMORANDUM ORDER** |

Pending before the Court in the above entitled matter is Defendant's motion to strike Plaintiffs' expert witness Craig Clarke. The parties have filed their responsive briefing and the matter is now ripe for the Court's review. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument. Local Rule 7.1.

MEMORANDUM ORDER- 1

**Discussion**

Defendant argues the Plaintiffs should be precluded from calling Mr. Clarke as an expert witness or relying on his report to prove the alleged economic losses on the grounds that the disclosure of Mr. Clarke as an expert is untimely, unfairly prejudicial, and violates the discovery and expert witness deadlines set in this case. (Dkt. No. 239, p. 2). Plaintiffs counter that their disclosure of Mr. Clarke as an expert and is report is timely as required by Federal Rule of Civil Procedure 26(a)(2)(C).

**I.    Procedural History**

This case has a long and tortured history beginning with the filing of Plaintiffs complaint on October 10, 2003. (Dkt. No. 1). Thereafter, Court entered its Scheduling Order setting the original deadlines in this case which were extended several times pursuant to stipulations by the parties. (Dkt. Nos. 14, 30, 35). Plaintiffs timely disclosed its only expert, Dr. Al Kertz, who opined that the Plaintiffs' loss of 5,076 calves was a result of the feeding of the milk permeate provided by the Defendant causing an estimated loss of $341,177.85.[1] (Dkt. No. 27). The Plaintiffs did not designate any other damages expert prior to the trial.[2] On February 11, 2005, the Court entered an Order based upon the parties' stipulation vacating trial date which stated:

> This order shall not extend any other deadlines. Deadlines which have already passed as of the date of this stipulation, including expert witness disclosure deadlines and discovery cut-off, shall not be extended or re-opened.

---

[1] Dr. Kertz has education in dairy science and nutrition as well as animal science and nutrition. (Dkt. No. 27).

[2] Defendant disclosed its own expert, Kenneth E. Hooper, C.P.A., on the issue of Plaintiffs' damages. Mr. Hooper estimated the Plaintiffs' damages at $267,270.64. (Dkt. No. 34). Defendant also disclosed Scott Waltner, DVM, MS, who was designated to provide expert testimony rebutting the testimony of Dr. Kertz. (Dkt. No. 34). Defendant also filed a motion to strike Plaintiffs' reliance on Dr. Michael Mihlfried's affidavit from consideration on summary judgment and to exclude his testimony as an expert at the trial. (Dkt. No. 65).

(Dkt. No. 81). Thereafter, the Court entered its Order on the parties' pending motions for summary judgment. (Dkt. No. 89). Eventually, the matter proceeded to trial on May 2, 2006 where the jury returned a verdict in favor of the Plaintiffs and awarded Plaintiffs' $303,758.92 in damages. (Dkt. No. 152-156).

Both parties appealed and, on April 14, 2009, the Ninth Circuit rendered its decision remanding the case for a new trial. (Dkt. Nos. 199, 204, 219, 220). Accordingly, this Court entered a new Scheduling Order on May 27, 2009 setting a new trial date for November 17, 2009 in addition to setting other deadlines for the filing of motions in limine, witness and exhibit lists, jury instructions, pre-trial briefs and proposed voir dire. (Dkt. No. 227). Plaintiffs sought to amend their complaint which was denied. (Dkt. Nos. 224, 235). On August 18, 2009, Plaintiffs disclosed Mr. Clarke for the purpose of providing expert opinion testimony as to the economic losses allegedly suffered by the Plaintiff. Defendant filed the instant motion to strike Mr. Clarke. (Dkt. No. 238).[3]

## II.     Federal Rule of Civil Procedure 26(a)(2)(C)

Plaintiffs argue their disclosure of Mr. Clarke was timely as it was at least ninety days before the November 17, 2009 trial date as required by Rule 26(a)(2)(C). Because the Ninth Circuit ordered a new trial and this Court did not set any new deadlines for disclosure of experts, Plaintiffs argue the default deadline is the ninety days before trial as provided in Rule 26(a)(2)(C). Defendant disagrees arguing there was clear direction from the Court that there would be no further extensions to the disclosure deadlines based on the prior stipulation

---

[3] Defendants have also filed several motions in limine which are not yet ripe. (Dkt. Nos. 243-249).

MEMORANDUM ORDER- 3

of the parties. Defendant argues the deadline for such disclosures "passed long ago in 2004" and that following the Ninth Circuit remand, this Court "recognized the expiration of these deadlines, as the Court's May 27, 2009 Scheduling Order, which schedules trial to commence on November 17, 2009, does not contain additional expert witness or discovery deadlines." (Dkt No. 239, p. 7).

> Federal Rule of Civil Procedure 26(a)(2)(C) states:
>
> Time to Disclose Expert Testimony. A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:
> (I) at least 90 days before the date set for trial or for the case to be ready for trial; or
> (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B), within 30 days after the other party's disclosure.

Fed. R. Civ. P. 26(a)(2)(C). Under this Rule, the general requirement is that parties make their Rule 26 expert disclosures "at the time and in the sequence that the court orders." It is only in the absence of such an order or where the parties have stipulated that the ninety day rule comes into play. Here, the Court had prescribed the time and sequence for the expert disclosures in its previous Scheduling Orders. In setting the new trial date, the Court made clear that there would be no new discovery period nor filings of any new dispositive motions when it set the new trial date. (Dkt. No. 227). The deadlines for expert disclosures have passed and were never re-opened in this case. As such, the Plaintiffs' disclosure of Mr. Clarke as an expert is untimely. The fact that a new trial has been set does not restart the entire case.

The Court acknowledges that the new trial is *de novo* and that "[n]othing in Rule 16(e) indicates that a pretrial order from a first trial controls the range of evidence to be considered in a second trial." Johns Hopkins Univ. v. CellPro, Inc., 152 F.3d 1342, 1357 (Fed. Cir. 1998) ("Indeed, such a cramped interpretation of Rule 16(e) would greatly hobble the parties from meaningfully relitigating an issue which the court has decided required retrial under Rule 59."); see also Day v. Amax, Inc., 701 F.2d 1258, 1263 (8th Cir. 1983) ("Following the grant of a new trial, the second trial, absent any stipulations by the parties to the contrary, proceeds *de novo*."). "A federal judge has broad discretion in supervising trials. Naturally, the judge's use of that discretion when conducting a new trial is guided by principles of law applicable to new trials. Absent any stipulations by the parties to the contrary, a new trial proceeds *de novo*. Hence, at new trial, parties are not confined to the evidence previously adduced." Dowling v. American Hawaii Cruises, Inc., 869 F.Supp. 806, 807-08 (D. Hawaii 1994) (citations omitted). In Dowling, the Defendants sought to limit the testimony at the new trial to the transcripts from the prior trial. The district court denied the request and held that the "parties are not required to rely solely on previously adduced evidence when conducting a new trial...." Id. at 808. So too here, the Court is not limiting the parties' evidence at trial to only the evidence previously offered at the initial trial. However, though the Court is not precluded from allowing new evidence and is not bound by its prior evidentiary rulings, the Court is also not obligated to allow new evidence or to reopen discovery.

Here, unlike the Johns Hopkins case, there is no reason why the Plaintiffs could not have retained an expert on damages prior to the first trial. Mr. Clarke's report and testimony

MEMORANDUM ORDER- 5

are new evidence and material that Plaintiffs seek to admit at the second trial that are outside of the discovery and expert disclosure deadlines. The Court set the matter for a *de novo* trial in accordance with the Ninth Circuit's mandate. The Court did not extended the discovery deadline, the expert witness disclosure deadline, or the dispositive motions deadline. This did not change the "rules of the game." See Johns Hopkins, 152 F.3d at 1357 ("The district court, when it construed the claims after trial, changed the rules of the game."). The Ninth Circuit's mandate calls for a new trial to be held. It does not remand the case with directions that this Court take additional evidence or allow for further discovery. Therefore, it is within this Court's discretion whether to allow discovery to be reopened. See Walling v. Jacksonville Paper Co., 317 U.S. 564, 572 (1943) (where the district court improperly interpreted and applied the controlling law in the case but did not restrict the introduction of evidence relevant to that point of law, whether additional evidence must be taken on remand is a question for the district court); Rochez Brothers, Inc. v. Rhoades, 527 F.2d 891, 894 (3rd Cr. 1975) (where appellate court did not instruct the district court to take further evidence, the question of opening the record for additional evidence was left to the discretion of the trial court); cf. Hawkeye Commodity Promotions, Inc. v. Vilsack, 486 F.3d 430, 443 (8th Cir. 2007) (motion to reopen the evidence to submit additional proof rests in the trial court's discretion) (quoting Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 331 (1971)). Cases are not ordinarily remanded in order to give a party the opportunity to supply evidence missing from the first trial. See Rochez Brothers, 527 F.2d at 894 (concluding that a remand is not typically intended to allow a party to fill in the gaps from the original record); Pittsburgh Terminal Corp. v. Baltimore & Ohio Railroad Co., 586 F.Supp. 1297,

1300 (W.D. Pa. 1984); <u>Wright v. Southwest Bank</u>, 648 F.2d 266, 267 (5th Cir. 1981). Accordingly, the matter is subject to the Court's discretion.  Because the expert disclosure is untimely and, as determined below, prejudicial, the Court will grant the motion to strike.

## III.    Prejudice

Mr. Clarke's report estimates the Plaintiffs suffered economic losses in the amount of $4,650,488.00.  (Dkt. No. 240, Ex. C).  Before the first trial in this matter, the Plaintiffs did not disclose an expert to estimate damages but had alleged damages in the amount of $341,177.85.  (Plaintiffs' Ex. No. 5, Dkt. Nos. 141, 157).  The jury awarded Plaintiffs damages in the amount of $303,758.92.  Defendant argues that to now allow Plaintiffs to increase their damages claim from $341,177.85 to approximately $4.6 million dollars would be wholly unfair at this stage in these proceedings.  Plaintiffs counter that the Ninth Circuit's mandate means the new trial is *de novo* and, therefore, that the standard is not one of unfair prejudice because Plaintiffs are not "seeking to invoke the Court's discretion, but acting entirely within the confines of the new trial processes sought by the defendant on appeal." (Dkt. No. 241, p. 7).  Further, Plaintiffs argue the Defendant has not demonstrated prejudice in this case and that, instead, to preclude this expert would prejudice the Plaintiffs from showing the "true extent" of their damages.  (Dkt. No. 241, p. 8).

The Court's Scheduling Order resetting the new trial date omitted any new discovery, expert witness, or dispositive motions deadlines and only set those deadlines for filing matters subsequent to discovery and dispositive motions.  (Dkt. No. 227).  It necessarily follows then that the only matters to be taken up in this matter prior to the new trial setting were the filing of motions in limine, witness and exhibit lists, trial briefs, jury instructions,

and voir dire.  Had the parties desired to reopen discovery and dispositive motions, they should have asked leave of the Court to do so.  Plaintiffs clearly understood this and believed that the Ninth Circuit's remand did not mean the case started anew from its inception as evidenced by their motion to amend the complaint.  As such, it is proper for the Court to consider the prejudicial impact of allowing the Plaintiffs expert at this stage.  The disclosure of Mr. Clarke as an expert an his report estimating damages of approximately $4.6 million dollars ninety days before the trial is unduly prejudicial to the defense.  Allowing new expert witness testimony that the damages are more than fifteen times the amount awarded in the first trial and the amount previously estimated by the Plaintiffs is unduly prejudicial.  As to Plaintiffs argument that they are prejudiced by not being allowed to present evidence of their damages, the Court finds the prejudice to the defense to be greater in that the Plaintiffs had every opportunity to obtain an expert on its measure of damages and failed to do so previously.  The Court, however, will not, at this time, limit the Plaintiffs' damages to any particular amount.

## ORDER

THEREFORE IT IS HEREBY ORDERED that Defendants' Motion to Strike (Dkt. No. 239) is **GRANTED**.  Plaintiffs' expert witness disclosure of Craig Clarke is stricken.  Plaintiff will not be allowed to call Mr. Clarke as an expert witness or rely on his report at trial.

DATED:  **October 22, 2009**

Honorable Edward J. Lodge
U. S. District Judge